**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KAREN JOHNSON                                                                                              PLAINTIFF

v.                              NO.  4:04CV01135 WRW/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                                DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

**DISPOSITION**

Plaintiff, Karen Johnson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence

that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on a back impairment and nerve damage.  (Tr. 81.) The Commissioner found that Plaintiff was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 25, 2004, the date of the ALJ's decision.  (Tr. 21.) On September 24, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5-7.) Plaintiff then filed her complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial record evidence.

---

[1]The Hon. David J. Manley.

Plaintiff was 43 years old at the time of the hearing. (Tr. 165.) She is a high school graduate. (Tr. 87, 165.) She has past relevant work as a warehouse worker. (Tr. 15, 67, 82.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. § 404.1520 (2004). He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20.) He found that Plaintiff had a "severe" impairment, degenerative disc disease of the lumbar spine with herniated nucleus pulposus status post diskectomy at L4-5, but that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's allegations were not fully credible. Id.

The ALJ found that Plaintiff retained the residual functional capacity for essentially a full range of light work. Id. Based on the testimony of a vocational expert, he found that Plaintiff was unable to perform her past relevant work. Id. The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 19.)

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, cashier, office helper and assembler. (Tr. 21.) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the ALJ denied her the opportunity to be examined by an orthopedic consultative examiner, thereby failing to fully and fairly develop the case. (Br. 15.) Plaintiff became unable to work in October of 2002. (Tr. 81.) On December 4, 2002, Steven Cathey, M.D., performed a laminectomy and diskectomy on her. (Tr. 96-97.) In

early February of 2003, Dr. Cathey wrote to Plaintiff's treating physician, Donald A. Laurenzana, M.D. (Tr. 99-100.) In pertinent part, his letter read:

> As far as her job is concerned, I told her that she will either need to try to go back to work or find something else to do. She says she will likely go ahead and file for long-term disability benefits, although I think she may have a difficult time qualifying. At any rate, I have given her a release from work until March 3, 2003, to allow her some additional time to decide what she is going to do.

(Tr. 99.)

Plaintiff presented to Dr. Laurenzana September 8, 2003, complaining of pain in the 8-10 range. (Tr. 130.) Examination of her lower extremities and back revealed normal gait, the ability to walk on heels and toes without difficulty, negative straight leg raising, some tenderness bilaterally in the lumbosacral area, a missing left patella reflex, but otherwise normal reflexes in the lower extremity and normal range of motion of the lumbar spine. Id. He found it "very difficult" to determine that her pain was truly an eight out of ten. Id.

On September 25, 2003, Dr. Laurenzana saw her again. (Tr. 128.) She rated her pain as nine out of ten. Id. Examination of her back revealed poor range of motion to flexion, straight leg raising normal bilaterally, normal gait, normal squat, normal toe walk and 2+ deep tendon reflexes except at the left knee where reflex was absent; there was a slight indication of some mild weakness in the extensor muscles of her left lower leg. Id. His assessment was:

> Karen basically has chronic low back pain secondary to her surgery. It is hard to determine exactly how severe her pain is. She does say she can do some minor household work but other than that she does have a lot of pain. Objectively, she has absent reflex and possibly some weakness of that left extensor muscle of the lower leg. I talked with Dr. Cathey. He says surgically he can only rate her at about 12%. I talked to the patient about this and that it may be difficult to determine how much factor pain has to play in disability.

Id.

Examination on October 6, 2003, was much the same. (Tr. 126.) He noted no

muscle or forced muscle atrophy in either leg. Id.

The ALJ found that the record was adequate to determine whether Plaintiff was disabled, and no further evidence was required. (Tr. 14.) The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was clearly sufficient for the ALJ to make an informed decision. Plaintiff's argument is without merit.

Plaintiff next contends that the ALJ did not afford proper weight to Dr. Laurenzana's opinion that she could walk no more than 100 feet. (Br. 16.) Dr. Laurenzana did not offer such an opinion. He did fill out a form so that Plaintiff could obtain a special license plate or certificate for the disabled. (Tr. 149.) He circled "permanently" on the form, but he did not check the box in front of "Cannot walk one hundred (100) feet without stopping to rest." Such a form has little evidentiary value. See Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001)(checklist format, generality and incompleteness of assessments limited their evidentiary value); Chambliss v. Massanari, 269 F.3d 520, 523 (8th Cir. 2001)(discounting treating physician's opinion because it was made as part of application for food stamps, based on need). That is especially so where, as here, the opinion is inconsistent with the doctor's treatment notes.

Finally, Plaintiff argues that the ALJ's hypothetical question to the vocational expert "did not contain all of the proper selected characteristics which form the basis for plaintiff's functional capacity." (Br. 16-17.) Plaintiff does not indicate what proper selected characteristics were not contained in the hypothetical question. Id. Some courts treat such a failure to flesh out an argument as waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082

(1992)(citations omitted).

A fair reading of the hypothetical question (Tr. 198) leads to a conclusion that it set forth with reasonable precision Plaintiff's impairments. See Starr v. Sullivan, 981 F.2d 1006, 1008 (8th Cir. 1992) (vocational expert's response to hypothetical question provides substantial evidence where hypothetical question sets forth with reasonable precision Claimant's impairments).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Magistrate Judge recommends that the final decision of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 6th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE